**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Celine Cohan (SBN 282661)
ccohan@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOCHA GUNARATNA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS GROSS COSMETOLOGY LLC, a New York Limited Liability Company, DENNIS GROSS DERMATOLOGY LLC, a New York Limited Liability Company,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*<br><br>2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, *et. seq.*<br><br>3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et. seq.*<br><br>4. BREACH OF EXPRESS WARRANTY<br><br>5. UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mocha Gunaratna ("Plaintiff" or "Ms. Gunaratna"), individually and on behalf of all others similarly situated, by and through her attorneys, brings this class action against Defendants Dennis Gross Cosmetology LLC, Dennis Gross Dermatology LLC (collectively, "Defendants") and alleges as follows:

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

1

## SUMMARY OF THE ACTION

1.    Defendants sell a line of fake collagen cosmetic products that do not contain any collagen whatsoever.

2.    This is a class action lawsuit brought on behalf of all purchasers of the Dennis Gross C + Collagen product line, including C + Collagen Deep Cream, C + Collagen Serum, C + Collagen Mist, and C + Collagen Eye Cream (collectively, the "Products"), sold online and at retail outlets throughout California and the United States. True and accurate representations of the Products' front labels are depicted below.

   

3.    Defendants' claims are false, misleading, deceptive, unfair, fraudulent, and unlawful under California's Consumers Legal Remedies Act ("CLRA"), Civil Code Section 1750 *et seq.*, Unfair Competition Law ("UCL"), Business and Professions Code Sections 17200, *et seq.*, the False Advertising Law ("FAL") 17500 *et seq.*; in breach of Defendants' express warranty; and resulting in Defendants' unjust enrichment.

4.      Defendants' false and deceptive claims are uniformly advertised through their front label, packaging, website, and other media, in violation of California advertising laws.

5.      Through their false, misleading, and deceptive advertising, Defendants have duped thousands or more consumers into buying the Products at stores across California and the United States based on their material claims that the Products contain collagen.

6.      Plaintiff and members of the Plaintiff's Class purchased the Products in reliance on Defendants' material misrepresentations. They would not have purchased the Products had they known the claims as described herein were false, deceptive, and misleading.

## **PARTIES**

7.      Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the County of Los Angeles. Plaintiff purchased the C + Collagen Deep Cream and C + Collagen Serum Products at a Sephora store located at The Grove in Los Angeles, California in 2018 for approximately $75 each. In making her purchase decision, Plaintiff relied upon Defendant's labeling, packaging, and advertising claims, including the bold typeface front label "Collagen" claim under the mistaken belief that the Products contained collagen. Plaintiff lost money in the form of the price premium she paid for Products which falsely claim to contain collagen.

8.      Defendants and their agents prepared, approved, and disseminated the Products' labeling and advertising statewide and nationwide. Defendants designed the Products' labels to entice consumers who sought to purchase products containing collagen. If Plaintiff had known that the Products did not contain collagen, she would not have purchased the Products, let alone paid a "premium" for such a valued benefit.

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

9.     Defendant Dennis Gross Cosmetology LLC is a limited liability company headquartered in New York. Dennis Gross Cosmetology LLC maintains its principal business office at 500 5th Ave., New York, NY 10021. Dennis Gross Cosmetology LLC, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Dennis Gross Cosmetology LLC is an owner, manufacturer, and/or distributor of the Dennis Gross C + Collagen product line, and is a company that created and/or authorized the false, misleading, and deceptive labeling and packaging for the Products.

10.    Defendant Dennis Gross Dermatology LLC is a limited liability company headquartered in New York. Dennis Gross Dermatology LLC maintains its principal business office at 444 Madison Ave., New York, NY 10022. Dennis Gross Dermatology LLC, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Dennis Gross Dermatology LLC is an owner, manufacturer, and/or distributor of the Dennis Gross C + Collagen product line, and is a company that created and/or authorized the false, misleading, and deceptive labeling and packaging for the Products.

11.    Defendants, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that the claims about the Products and, in particular, the claims suggesting and/or outright stating that the Products are composed of "collagen" are false, deceptive, and misleading. Defendants affirmatively misrepresented the contents and benefits of the Products in order to convince the public and the Products' users to purchase and use the Products, resulting in profits of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

///

///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

## JURISDICTION AND VENUE

12.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 and the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

13.   Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California, resides in this District, and purchased the Products within this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District, including but not limited to, label, packaging, and Internet advertisements, among other advertising.

14.   Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California. Defendants are authorized to do and doing business in California.

## FACTUAL ALLEGATIONS

15.   Collagen is the single most abundant protein found in the cartilage, bone, and tissues of animals, fish, and humans. It is a major insoluble fibrous protein in the extracellular matrix and connective tissue. It is found in tendons and ligaments, as well as the cornea, cartilage, bones, gut, blood vessels and intervertebral discs. Collagen is not found in plants.

16.   Collagen has been linked to youthful skin, hair, and nails. As a result, sales of collagen anti-aging products in the United States are booming as consumers look to improve their skin, hair, and nails. In fact, the United States

collagen market is expected to double in size over the next decade with much of that growth coming from cosmetics.

17.     Honest collagen cosmetic manufacturers sell products that actually contain collagen, while honest amino acid cosmetic manufacturers are careful not to deceptively label their products as containing collagen. The latter otherwise label and advertise their products as containing peptides or "boosters." Truth in advertising and labeling of collagen cosmetics is critical to ensuring fair competition and a properly functioning marketplace.

18.     Defendants uniformly and consistently label and advertise the Products as containing "C + Collagen" – meaning they contain Vitamin C and Collagen. While the Products do in fact contain Vitamin C, the Products contain zero collagen.

19.      Defendants list purported "Collagen Amino Acids" as an ingredient in the Products. However, amino acids are just the building blocks of proteins in the human body, of which collagen is but one example. Amino acids are as different from collagen as auto parts are from an automobile.

20.     Defendants' false labeling and advertising lead consumers to believe they are purchasing a product which contains collagen.

21.     Defendants have made, and continue to make these false, deceptive, misleading, unfair, fraudulent, and unlawful claims and promises to consumers about the presence of collagen in the Products.

22.     Plaintiff and the Class purchased the Products in reliance upon the challenged "collagen" label and advertising claims.

23.     Plaintiff and the Class would not have purchased the Products had they known the Products did not contain collagen.

24.     Defendants' conduct threatens California and nationwide consumers by disseminating deceptive and misleading advertising of the Products. Defendants' conduct also threatens other companies, large and small, who "play by the rules."

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

Defendants' conduct stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

25.     Upon information and belief, Plaintiff alleges that during the course of the deception Defendants have sold thousands of units of the Products based upon the false and deceptive labels.

26.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff and the Class would not have purchased the Products if they had known that the labeling as described herein was false.

27.     Plaintiff makes the allegations herein upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

28.     Defendants' false and misleading statements should be enjoined due to the false, misleading, and/or deceptive nature of Defendants' false, deceptive, misleading, unfair, fraudulent, and unlawful claims that the Products contain collagen. In addition, Defendants should be compelled to provide restitutionary damages to consumers in an amount to be determined at trial.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Products in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

///

CLASS ACTION COMPLAINT

30.     The Class is so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands throughout California and the United States.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

31.     Common questions of fact and law predominate over questions which may affect individual class members, including the following:

a.     Whether Defendants' conduct constitutes an unfair method of competition or unfair or deceptive act or practice in violation of California Civil Code Section 1750, *et seq.*;

b.     Whether Defendants used deceptive representations in connection with the sale of the Products in violation of California Civil Code Section 1750, *et seq.*;

c.     Whether Defendants represented the Products have characteristics that they do not have in violation of California Civil Code Section 1750, *et seq.*;

d.     Whether Defendants advertised the Products with the intent not to sell them as advertised in violation of California Civil Code Section 1750, *et seq.*;

e.     Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code Section 17500, *et seq.*;

f.     Whether Defendants knew or by the exercise of reasonable care should have known their advertising was and is untrue or misleading in violation of Business and Professions Code Section 17500, *et seq.*;

g.     Whether Defendants made false and misleading representations in their advertising and labeling of the Products in violation of Business and Professions Code Section 17500, *et seq.*;

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

h.      Whether Defendants' conduct is an unfair business act or practice within the meaning of Business and Professions Code Section 17200, *et seq*.;

i.      Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code Section 17200, *et seq*.;

j.      Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code Section 17200, *et seq*.;

k.      Whether Plaintiff and the Class paid more money or a premium amount for the Products than they actually received; and

l.      How much more money or premium amount Plaintiff and the Class paid for the Products than they actually received.

32.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

33.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations and material omissions. Plaintiff and the Class purchased the Products under the false belief that the Products contained collagen. Plaintiff and the Class relied upon Defendants' labeling, packaging, and advertising claims and would not have purchased the Products if they had known that the Products did not contain collagen.

34.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

35.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits

of a single, uniform adjudication, economics of scale, and comprehensive supervision by a single court.

36.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

37.     Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

38.     On May 23, 2019, written notice was sent to Defendants via certified U.S. mail pursuant to Civil Code Section 1750, *et seq.*, which set forth the claims of the Class concerning the Products' false, misleading, deceptive, unlawful, unfair, and fraudulent claims.

## <u>COUNT ONE</u>

### Violation of California Consumers Legal Remedies Act,

### California Civil Code 1750, *et seq.*

### (By Plaintiff against all Defendants)

39.     Plaintiff repeats and realleges the allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

40.     Plaintiff brings this cause of action pursuant to Civil Code Section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the United States or,

alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remunerations from Defendants in connection with that individual's use or endorsement of the Products.

41.     The Class consists of thousands of persons, the joinder of whom is impracticable.

42.     There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, as set forth hereinabove.

43.     The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods.

44.     The policies, acts, and practices described herein were intended to result in the sale of the Products to the consuming public, and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Products; and (2) advertising, labeling, and packaging the Products with intent not to sell them as advertised.

45.     Defendants fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics which they do not have, e.g., labeling and advertising the Products as containing collagen. In doing so, Defendants misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

46.     Defendants fraudulently deceived Plaintiff and the Class by labeling and advertising the Products with intent not to sell them as advertised. Specifically, Defendants labeled and misrepresented the Products as containing collagen. In doing so, Defendants misrepresented and concealed material facts from Plaintiff and

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

47.     Defendants knew or should have known, through the exercise of reasonable care, that the Products' labeling and advertising were misleading.

48.     Defendants' actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendants were wanton and malicious in their concealment of the same.

49.     Defendants' labeling and advertising of the Products were material factors in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendants' labeling and advertising of the Products, Plaintiff and the Class reasonably believed that they were purchasing Products that contained collagen. Had they known the truth of the matter, that the Products did not actually contain collagen, Plaintiff and the Class would not have purchased the Products.

50.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for Products that she believed contained collagen. In reality, the Products did not contain collagen. Plaintiff and the Class would not have purchased the Products had they known the claims were false.

51.     Defendants' false and misleading labeling and advertising should be enjoined due to their false, misleading and/or deceptive nature.

52.     By letter dated May 23, 2019, Plaintiff advised Defendants of their false and misleading claims pursuant to California Civil Code Section 1782(a).

53.     Pursuant to Section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order enjoining Defendant from continuing to make the label and advertising claims challenged herein.

54.     Plaintiff shall be irreparably harmed if such an order is not granted. Plaintiff also seeks restitutionary relief.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

## COUNT TWO

### Violation of California False Advertising Law,

### Business & Professions Code 17500, *et seq*.

### (By Plaintiff against all Defendants)

55.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

56.     Plaintiff brings this cause of action pursuant to Business and Professions Code Section 17500, *et seq*., on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products.

57.     California's False Advertising Law, California Business and Profession Code Section 17500, *et seq*., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

58.     Defendants knowingly spread misleading claims regarding the Products as a means to mislead the public about the actual ingredients in the Products.

59.     Defendants controlled the labeling, packaging, production, and advertising of the Products. They knew or should have known, through the exercise

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

of reasonable care, that their representations and omissions about the ingredients of the Products were untrue, deceptive, and misleading.

60.     Defendants' actions of advertising and displaying misleading claims and falsely labeling the Products "C + Collagen" in prominent type face on each Product label are likely to deceive consumers into believing the Products contain collagen.

61.     Defendants' actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

62.     Pursuant to Business & Professions Code Section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of falsely advertising that the Products contain collagen. Likewise, Plaintiff and the class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendants in amount to be determined by trial.

63.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff and the Class purchased the Products in reliance upon the claims by Defendants that the Products contained collagen. Plaintiff would not have purchased the Products if she had known that the claims and advertising as described herein were false.

**COUNT THREE**

**Violation of California Unfair Competition Law,**

**Business & Professions Code Section 17200, *et seq.***

**(By Plaintiff against all Defendants)**

64.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

65.     Plaintiff brings this cause of action pursuant to Business and Professions Code Section 17200, *et seq.*, on her own behalf and on behalf of all

14

CLASS ACTION COMPLAINT

other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the United States or, alternatively, the State of California, for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products.

66.     In their labeling and advertising of the Products, Defendants mislead consumers into believing the Products contain collagen.

67.     Defendants' advertising claims and omissions about the Products are false, deceptive, misleading, and unreasonable.

68.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

### A. "Unfair" Prong

69.     Under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

70.     Defendants' action of advertising and labeling the Products as containing collagen is false.

71.     Defendants' action of false advertising of their Products' status causes injuries to consumers, who do not receive what they were promised.

72.     Defendants' false and deceptive claims that the Products contain Collagen stifles competition in the marketplace.

73.     Consumers cannot avoid any of the injuries caused by Defendants' false and misleading advertising of the Products.

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

74.    Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. In doing so, the courts "weigh the utility of the Defendant's conduct against the gravity of the harm alleged to the victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F. 3d 1152, 1169 (9th Cir. 2012).

75.    Here, Defendants' conduct of advertising their Products as containing collagen when they do not results in financial harm to consumers. Thus, the utility of Defendants' conduct is vastly outweighed by the gravity of their harm.

76.    Some courts hold that the "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

77.    Defendants' labeling and advertising of the Products as containing collagen is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

78.    Defendants knew or should have known of their unfair conduct.

79.    As alleged in the preceding paragraphs, the material misrepresentations by Defendants detailed above constitute an unfair business practice within the meaning of California Business & Professions Code § 17200.

80.    There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein. Defendants could have marketed the Products without making any false statements about the presence of collagen in the Products.

81.    All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

82.    Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

engage, use, or employ its practice of false and deceptive advertising and labeling of the Products.  Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants in an amount to be determined at trial.

83.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unfair conduct. Plaintiff and the Class paid an unwarranted premium for the Products. Plaintiff and the Class would not have purchased the Products had they known that the Products lacked actual collagen.

## B. "Fraudulent" Prong

84.     California Business and Profession Code Section 17200, *et seq.* considers conduct fraudulent and prohibits said conduct if it is likely deceive members of the public. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 553 (1992).

85.     Defendants' conduct of advertising false claims about the presence of collagen in the Products is likely to deceive members of the public.

86.      Defendants' advertising and labeling of the Products as containing collagen is false, deceptive, misleading, and unreasonable and constitutes fraudulent conduct.

87.     Defendants knew or should have known of their fraudulent conduct.

88.     As alleged in the preceding paragraphs, the material misrepresentations by Defendants detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

89.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have marketed the Products without making any false statements about the presence of collagen in the Products.

   ///

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

90.     All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

91.     Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products.  Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants in an amount to be determined at trial.

92.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' fraudulent conduct. Plaintiff and the Class paid an unwarranted premium for the Products. Plaintiff and the Class would not have purchased the Products if they had known that the Products did not contain collagen.

### C. "Unlawful" Prong

93.     California Business and Professions Code Section 17200, *et seq.,* identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

94.     Defendants' advertising of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et seq.,* California Business and Professions Code Section 17500, *et seq.*

95.     Defendants' packaging, labeling, and advertising of the Products as containing collagen are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct.

96.     Defendants knew or should have known of their unlawful conduct.

///

///

97.     As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

98.     There were reasonably available alternatives to further Defendants' legitimate business interests other than the conduct described herein. Defendants could have truthfully labeled and advertised the Products.

99.     All of the conduct alleged herein occurred and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

100.    Pursuant to Business and Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products. Likewise, Plaintiff and the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants in an amount to be determined at trial.

101.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful conduct. Plaintiff paid an unwarranted premium for the Products. Plaintiff and the Class would not have purchased the Products if they had known that Defendants deceived consumers into believing the Products contained collagen.

## COUNT FOUR

### Breach of Express Warranty

### (By Plaintiff against all Defendants)

102.    Plaintiff repeats and realleges the all allegations of the previous paragraphs and incorporates the same as if set forth herein at length.

103.    Defendants expressly warrant that the Products contain collagen, as set forth above.  Defendants' claims constitute an affirmation of fact, promise,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendants' claims.

104.     All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

105.     Defendants breached the terms of the contract, including the express warranties, with Plaintiff and the Class by not providing Products that conforms to the advertising and label claims.

106.     As a result of Defendants' breach of contract, Plaintiff and the Class have been damaged in the amount to be determined at trial.

## COUNT FIVE

### Unjust Enrichment

### (By Plaintiff against all Defendants)

107.     Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

108.     By means of Defendants' wrongful conduct alleged herein, Defendants knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

109.     Defendants knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendants acted with conscious disregard for the rights of Plaintiff and members of the Class.

110.     As a result of Defendants' wrongful conduct as alleged herein, Defendants have been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

111.     Defendants' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

112.     Under the common law doctrine of unjust enrichment, it is inequitable for Defendants to be permitted to retain the benefits they received,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

CLASS ACTION COMPLAINT

without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendants' retention of such funds under such circumstances making it inequitable to retain the funds constitutes unjust enrichment.

113.    The financial benefits derived by Defendants rightfully belong to Plaintiff and members of the Class. Defendants should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendants.

114.    Plaintiff and members of the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

A.    An order enjoining Defendants from continuing to label and advertise the Products as challenged herein;

B.    Restitutionary, actual, statutory, compensatory, and punitive damages; and

C.    Reasonable attorney fees and costs.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: March 10, 2020                    **CLARKSON LAW FIRM, P.C.**


/s/ Ryan J. Clarkson, Esq.
Ryan J. Clarkson, Esq.
Matthew T. Theriault
Celine Cohan, Esq.
Attorneys for Plaintiff Mocha Gunaratna

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA, 90069

CLASS ACTION COMPLAINT