**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOCHA GUNARATNA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>DENNIS GROSS SKINCARE, LLC, a New York Limited Liability Company,<br><br>    Defendant. | Case No. 2:20-cv-02311-MWF-GFS<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER [Dkt. 56]**<br><br>Date: August 25, 2021<br>Time: 2:00 PM<br>Courtroom: 640 |

   Mocha Gunaratna ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her counsel, Clarkson Law Firm, P.C., hereby submits the following opposition to Dennis Gross Skincare, LLC's ("Defendant") motion for a protective order.

# <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.  INTRODUCTION ............................................................................ 1

II.  FACTUAL AND RELEVANT PROCEDURAL BACKGROUND ................. 2

III.  LEGAL STANDARD ...................................................................... 3

    A.  Discovery in the Class Action Context .................................... 3

    B.  Limiting Class Counsel's Communications With Putative Class Members ............................................................................ 4

IV.  ARGUMENT .............................................................................. 5

    A.  Courts in the Ninth Circuit Routinely Authorize Precertification Discovery .......................................................................... 5

    B.  Class Information Is Relevant to Commonality, Typicality, and Predominance Analysis ...................................................... 6

    C.  Defendant's Case Law Is Inapposite ...................................... 9

    D.  Defendant Failed to Establish Any Harm or Prejudice ............. 11

    E.  Defendant's Request to Limit Communications With the Class Must Be Denied Because There is No Record of Any Communication Abuses .......................................................................... 13

V.  CONCLUSION .......................................................................... 15

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
[Dkt. 56]

# **TABLE OF AUTHORITIES**

**Cases**                                                                                         **Page(s)**

*Alvarez v. NBTY Inc.,*
   331 F.R.D. 416 (S.D. Cal. Jan. 3, 2020)................................................................ 9

*Amaraut v Sprint/United Mgmt,*
   2020 US Dist. LEXIS 64349 (S.D. Cal. Apr. 10, 2020) ...............................*passim*

*Arrendondo v. Southwestern & Pacific Specialty Finance, Inc.,*
   Case No. 1:18-cv-01737-DAD-SKO,
   2019 WL 6128657(E.D. Cal. Nov. 19, 2019) ........................................................ 6

*Artis v. Deere & Co.,*
   276 F.R.D. 348 (N.D. Cal. 2011) ..................................................................... 4, 6

*Brinker v Normandin,*
   14-cv-03007, 2015 US Dist. LEXIS 158201
   (N.D. Cal. Nov 20, 2015) .................................................................................... 10

*Burrell v. Crown Central Petroleum, Inc.,*
   176 F.R.D. 239 (1997)................................................................................... 4, 13

*Camp v. Alexander,*
   300 F.R.D. 617 (N.D. Cal. 2014) .................................................................. 4, 14

*Cedano v. Thrifty Payless, Inc.,*
   No. CV-10-237-HZ) 2011 U.S. Dist. LEXIS 155956
   (D.Or. May 9, 2011) ........................................................................................... 10

*Crab Addison, Inc. v. Superior Court,*
   169 Cal. App. 4th 958, 87 Cal. Rptr. 3d 400 (2008) ...................................... 12, 13

*Cram v. Elec. Data Sys. Corp.,*
   No. 07cv1842-LAB-NLS, 2008 U.S. Dist. LEXIS 3669,
   2008 WL 178449 (S.D. Cal. Jan. 17, 2008) ....................................................... 13

*Currie-White v. Blockbuster, Inc.,*
   No. C 09-2593-MMC-MEJ, 2010 U.S. Dist. LEXIS 47071,
   2010 WL 1526314 (N.D. Cal. Apr. 15, 2010)...................................................... 6

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

ii

*Doninger v. Pac. Northwest Bell, Inc.*,
    564 F.2d 1304 (9th Cir. 1977) ........................................................ 1, 4, 11

*Dziennik v. Sealift, Inc.*,
    No. 05-cv-4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011,
    2006 WL 1455464 (E.D. N.Y. May 23, 2006) ...................................... 9

*Enslin v. Coca-Cola Co.*,
    No. 2:14-cv-06476, 2016 U.S. Dist. LEXIS 170247
    (E.D. Pa. May 12, 2016) ...................................................................... 9

*Finder v. Leprino Foods Co.*,
    No. 13cv2059-AWI-BAM, 2017 U.S. Dist. LEXIS 8346
    (E.D. Cal. Jan. 20, 2017) .................................................................... 14

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
    326 F.R.D. 592 (N.D. Cal. 2018) ......................................................... 8

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003) ........................................................... 11

*Friedman v. Guthy-Renker, LLC*,
    No. CV 14-6009-ODW (AGRx), 2015 U.S. Dist. LEXIS 187555
    (C.D. Cal. Aug. 24, 2015) .................................................................. 10

*Gulf Oil Co. v. Bernard*,
    452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981) .............. *passim*

*Guzman v. Chipotle Mexican Grill, Inc.*,
    No. 17-cv-02606-HSG (KAW), 2018 U.S. Dist. LEXIS 19893,
    2018 WL 6092730 (N.D. Cal. Nov. 21, 2018) ...................................... 1

*Heighley v. J.C. Penney Life Insurance Co.*,
    257 F.Supp.2d 1241 (C.D. Cal. 2003) ................................................. 9

*Hill v. National Collegiate Athletic Ass'n*,
    7 Cal. 4th 1, 26 Cal. Rptr. 2d 834, 865 P.2d 633 (1994) ................... 11

*In re M.L. Stern Overtime Litig.*,
    250 F.R.D. 492 (2008) ................................................................... 4, 13

*In re NJOY, Inc. Consumer Class Action Litig.*,
    120 F. Supp. 3d 1050 (C.D. Cal. 2015) ............................................... 8

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

iii

*In re Roman Catholic Archbishop of Portland in Oregon*,
   661 F.3d 417 (9th Cir. 2011) ...................................................................... 11

*Kaminske v. JP Morgan Chase Bank N.A.,*
   No. SACV 09-00918-JVS-RNBx, 2010 U.S. Dist. LEXIS 141514,
   2010 WL 5782995 (C.D. Cal. May 21, 2010)........................................... 6, 7

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975) ....................................................................... 4

*Knutson v. Blue Cross and Blue Shield of Minnesota,*
   254 F.R.D. 553 (D. Minn. 2008) ............................................................... 10

*Koo v. Rubio's Restaurants, Inc.*,
   109 Cal.App.4th 719, 135 Cal. Rptr. 2d 415 (2003) ................................... 6

*Mantolete v. Bolger*,
   767 F.2d 1416 (9th Cir. 1985) ................................................................... 11

*McCrary v. Elations Co. LLC*,
   No. EDCV 13-0242 JGB (SPx), 2014 U.S. Dist. LEXIS 200660,
   2014 WL 12589137 (C.D. Cal. Dec. 2, 2014)............................................ 8

*Mevorah v. Wells Fargo Home Mortg., Inc.*,
   No. C 05-1175-MHP, 2005 U.S. Dist. LEXIS 28615,
   2005 WL 4813532 (N.D. Cal. Nov. 17, 2005) ............................................ 5

*O'Connor v. Uber Techs., Inc.*,
   No. 13-cv-03826-EMC, 2017 U.S. Dist. LEXIS 141095
   (N.D. Cal. Aug. 31, 2017) ......................................................................... 14

*Oppenheimer Fund, Inc. v. Sanders,*
   437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) ............................. 9

*Perez v. Safelite Grp. Inc.*,
   553 F. App'x 667, 668-69 (9th Cir. 2014),
   *as amended on denial of reh'g and reh'g en banc* (Mar. 7, 2014).......................... 11

*Pioneer Electronics (USA), Inc. v. Superior Court*,
   40 Cal.4th 360 (2007).......................................................................... 12, 13

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
[Dkt. 56]

*Pizana v. SanMedica In'l, LLC*,
 2020 U.S. Dist. LEXIS 191503 (E.D. Cal. Oct. 15, 2020) ........................... *passim*

*Puerto v. Superior Court*,
 158 Cal. App. 4th 1242, 70 Cal. Rptr. 3d 701 (2008) .................................... 12, 13

*Putnam v. Eli Lilly & Co*.,
 508 F. Supp. 2d 812 (C.D. Cal. 2007) ......................................................... 6, 10, 11

*Salgado v. Land O'Lakes*,
 No. 1:13cv0798-LJO-SMS, 2014 U.S. Dist. LEXIS 175158,
 2014 WL 7272784 (E.D. Cal. Dec. 18, 2014) ................................................... 6, 12

*Sansone v. Charter Commc'ns, Inc.*,
 No. 17cv1880-WQH-JLB, 2019 U.S. Dist. LEXIS 19452,
 2019 WL 460728 (S.D. Cal. Feb. 6, 2019) ............................................................. 7

*Smith v. United States*,
 2015 WL 1934030 (Fed. Cl. Apr. 29, 2015) ........................................................ 10

*Stemple v. QC Holdings, Inc.*,
 No. 12cv1997-CAB-WVG, 2013 U.S. Dist. LEXIS 99582,
 2013 WL 10870906 (S.D. Cal. June 17, 2013) ..................................................... 12

*Tait v. BSH Home Appliances Corp.*,
 289 F.R.D. 466 (C.D. Cal. 2012) .......................................................................... 14

*Todd v. Tempur-Sealy Int'l, Inc*.,
 No. 13-cv-04984-JST, 2014 U.S. Dist. LEXIS 161037
 (N.D. Cal. Nov. 16, 2014) ..................................................................................... 13

*Tran v. Sioux Honey Ass'n, Coop.*
 471 F.Supp. 3d 1019 (C.D. Cal 2020) ..................................................................... 8

*Vinole v Countrywide Home Loans, Inc.*,
 571 F.3d 935 (9th Cir. 2009) ............................................................................... 1, 4

*Wiegele v. FedEx Ground Package Sys.*,
 No. 06-CV-01330-JM(POR), 2007 U.S. Dist. LEXIS 9444,
 2007 WL 628041 (S.D. Cal. Feb. 8, 2007) .............................................................. 6

*Wiener v. Dannon Co.*,
 255 F.R.D. 658 (C.D. Cal. 2009) ........................................................................... 14

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
[Dkt. 56]

*Williams v. Superior Court,*
    3 Cal. 5th 531, 220 Cal. Rptr. 3d 472, 398 P.3d 69 (2017)................................... 12

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
[Dkt. 56]

## I.    **INTRODUCTION**

"The Supreme Court has recognized the importance of permitting class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification." *Pizana v. SanMedica In'l, LLC,* 2020 U.S. Dist. LEXIS 191503, *9 (E.D. Cal. Oct. 15, 2020) (citing *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG (KAW), 2018 U.S. Dist. LEXIS 19893, 2018 WL 6092730, at *2 (N.D. Cal. Nov. 21, 2018), *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981), *Vinole v Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009), *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Nevertheless, Defendant seeks to prohibit Plaintiff's counsel from obtaining class members' contact information,[1] and prevent all use of such information in *any* manner.

Defendant's motion is based on the following flawed reasoning: (a) multiple subpoenaed vendors using boilerplate objections indicated that the class information is sensitive/confidential/proprietary; (b) Defendant believes that Plaintiff's well-reputed firm will then engage in ethical violations in order to improperly solicit clients; (c) several out-of-state decisions denied motions to compel class members' contact information, finding it irrelevant; and (d) the putative class, Defendant, vendors, and "other business[es]" somehow would be harmed as a result of this disclosure or communication.

First, vendors' objections, lacking any detail of harm, supporting case law, or specific laws and contracts, cannot serve as a basis of harm or undue burden. (Dkts.

---

[1] During the conference call with the Judge on June 30, 2021, the undersigned counsel raised concerns that delaying discovery (including class discovery) would place the case at a standstill. The Court encouraged the parties to exchange documents, while agreeing not to communicate with the putative class members pending this briefing. Even though Plaintiff has agreed not to contact any putative class members pending the ruling from this Court, to date, Defendant has <u>not</u> produced the putative class data which it has in its possession. (Dkt. 54, ¶ 33; Declaration of Yana Hart ("Hart Decl.") ¶ 17).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

56-003 – 006.) In fact, the parties notified each and every subpoenaed vendor of Defendant's intended motion, and invited each vendor to join Defendant's motion. (Hart Dec., Exh. 2.) It appears that none of the vendors elected to do so, and once the Court rules on these issues, Plaintiff will have to resume her meet and confer efforts with the vendors.

Second, Defendant bases its motion on *its suspicions* of improper solicitation by Clarkson Law Firm, PC in another case, *Pizana*. Defendant's baseless accusations are not well taken. The undersigned counsel and the firm take great pride in their reputation established over the years of practice, and strictly abide by their ethical responsibilities. No improper solicitation has been made in *Pizana*,[2] or any other case.

Third, Defendant's out-of-state decisions are unpersuasive and distinguishable.

Fourth, Defendant has not established any specific harm or prejudice if the class information is compelled.

Therefore, Defendant's motion should be denied in its entirety.

## II.    FACTUAL AND RELEVANT PROCEDURAL BACKGROUND

Plaintiff filed the instant case alleging misleading labeling of Defendant's four products marked as "C + Collagen," when in reality, the products contain amino acids instead of collagen. (Dkt. 27). Defendant moved to dismiss Plaintiff's complaint, arguing, among other things that no reasonable consumer would be misled by the label due to the small font disclosures printed in the back stating "collagen amino acids" and that the product is "vegan." (Dkt. 28). The Court rejected Defendant's arguments, but dismissed the nationwide class (with leave to amend), allowing the Plaintiff to proceed on behalf of the California purchasers. (Dkt. 35).

Around April 20, 2021, Plaintiff served 11 vendors with subpoenas, primarily seeking to obtain California sales data and class members' contact information. (Hart Decl., ¶ 2). Nearly every vendor issued objections; however, Plaintiff's counsel had

---

[2] Declaration of Katherine Bruce ("Bruce Decl."), ¶¶ 4, 8, 9.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

initiated efforts to confer with these entities to determine if documents will be provided notwithstanding their standard boilerplate objections. *Id.* ¶3. During this process, one vendor – Lovely Skin, requested to incorporate a provision limiting the use of the *vendor's name* in communications with the putative class. *Id.* ¶¶ 5, 7, Exh. 1. However, a written provision that was proposed by both Defendant and Lovely Skin sought to preclude <u>all</u> communications with the putative class. (See Def.'s Mtn., p. 5). When Ms. Hart reached out to Lovely Skin's counsel to inquire regarding the proposed provision, Lovely Skin's counsel agreed to narrow the provision as previously discussed:

> A party receiving Confidential Information, or a Receiving Party who may obtain Confidential Information pursuant to this Protective Order, is prohibited from disclosing to any non-party, third party, or party not designated within this Protective Order, the identity of the Designated Party from which the Confidential Information is the source.

(Hart Decl., Exh. 1.)

Nevertheless, Defendant refused to submit <u>any</u> protective order that would omit its broad limitation. (*Id.,* ¶ 9). In hopes of avoiding litigating this issue in multiple jurisdictions, on July 9, 2021, the parties sent an email to all counsel for the subpoenaed vendors, inviting the vendors to participate in Defendant's briefing of the motion. (Hart Decl. Exh. 2). Not a single vendor joined Defendant's motion or provided its declaration(s) in support of Defendant's motion.[3] (Def.'s Mtn.)

## III.     <u>LEGAL STANDARD</u>

### A.  Discovery in the Class Action Context.

"Whether or not [class] discovery will be permitted … lies within the sound discretion of the trial court." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir.

---

[3] During the conference with this Court, Defendant seemed to indicate that one of the vendors does not have funds to file for a protective order. (Hart Decl. ¶ 18). However, if that were true, it is unclear why this vendor decided not to participate in Defendant's motion. Also, each vendor is represented by counsel. (Hart Decl, Exh. 2).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

1975); *see also Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) (*citing Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009)). The Ninth Circuit holds that the "advisable practice" for district courts on precertification discovery, "is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger,* 564 F.2d 1304, 1313; *see also Pizana,* 2020 U.S. Dist. LEXIS 191503, at *7, *reconsideration denied in Pizana v. Sanmedica Int.'l, LLC,* 202 U.S. Dist. LEXIS 220768, 2020 WL 6887752 (E.D. Cal. Nov. 23, 2020); *Artis*, 276 F.R.D. at 351.

## B. Limiting Class Counsel's Communications With Putative Class Members.

Most certainly, courts have the authority to limit communications between litigants and putative class members prior to class certification, where a party has identified <u>actual abuses that warrant such limitations</u>. *See e.g. Gulf Oil,* 452 U.S. at 101-02 ("[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."); *In re M.L. Stern Overtime Litig.*, 250 F.R.D. at 496 ("It is not enough that a potentially coercive situation exists … The court cannot issue an order [limiting communication with putative class members] without evidence that a potential for serious abuse exists.") (quoting *Burrell v. Crown Central Petroleum, Inc.*, 176 F.R.D. 239, 244 (1997)); *Amaraut v Sprint/United Mgmt,* 2020 US Dist. LEXIS 64349, *7-19 (S.D. Cal. Apr. 10, 2020) (denying defendant's motion to limit communications between plaintiff's counsel and the putative class members where there was no evidence that plaintiff's counsel's communications were coercive or misleading); *Camp v. Alexander,* 300 F.R.D. 617, 620-21 (N.D. Cal. 2014) ("Where communications are misleading, coercive, or an improper attempt to undermine Rule

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

23 by encouraging class members not to join the suit, they may be limited by the court, but the orders must be grounded in good cause and issued with a heightened sensitivity for the First Amendment"); *Mevorah v. Wells Fargo Home Mortg., Inc*., No. C 05-1175-MHP, 2005 U.S. Dist. LEXIS 28615, 2005 WL 4813532, at *3 (N.D. Cal. Nov. 17, 2005) ("Pre-certification communications to potential class members by both parties are generally permitted, and also considered to constitute constitutionally protected speech … [but c]ourts have limited pre-certification communications with potential class members after misleading, coercive, or improper communications were made").

If clear abuses are found, the court should "carefully draw[] [an] order that limits speech as little as possible, consistent with the rights of the parties under the circumstances[,]" i.e., "'giving explicit consideration to the narrowest possible relief which would protect the respective parties.'" *Gulf Oil*, 452 U.S. at 102.

## IV.  <u>ARGUMENT</u>

Defendant's motion for a protective order should be denied because: (a) class discovery is relevant, proportional, and necessary in this case, and is routinely produced in class action cases; (b) Defendant's absurd and slandering assumptions of any improper conduct depict no evidence of abuse; and (c) Defendant failed to establish any specific prejudice or harm if this protective order is not granted.

### A. Courts in the Ninth Circuit Routinely Authorize Precertification Discovery

In the class context, a significant majority of the courts in the Ninth Circuit agree that plaintiff is generally entitled to class information. *See e.g. Pizana,* 2020 U.S. Dist. LEXIS 191503, *9-10 (holding that plaintiff was entitled to class' contact information prior to certification in a false advertising case); *Amaraut v. Sprint/United Mgmt,* 2020 U.S. Dist. LEXIS 7558 (S.D. Cal. Jan. 14, 2020) (holding that plaintiff was entitled to obtain contact information of the putative class members because it would aid plaintiff in developing evidence in support of class certification);

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

*Arrendondo v. Southwestern & Pacific Specialty Finance, Inc.*, Case No. 1:18-cv-01737-DAD-SKO, 2019 WL 6128657, at *3 (E.D. Cal. Nov. 19, 2019) (collecting cases entitling both parties to class contact information); *Salgado v. Land O'Lakes*, No. 1:13cv0798-LJO-SMS, 2014 U.S. Dist. LEXIS 175158, 2014 WL 7272784, at *10 (E.D. Cal. Dec. 18, 2014) (stating that "precertification disclosure of class members' contact information … is routine practice" and collecting cases which have held the same); *Artis*, 276 F.R.D. 348, 352 ("The disclosure of names, addresses, and telephone numbers is a common practice in the class action context.") (*citing Currie-White v. Blockbuster, Inc.*, No. C 09-2593-MMC-MEJ, 2010 U.S. Dist. LEXIS 47071, 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010)); *Putnam v. Eli Lilly & Co*., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) ("[I]t seems to the Court that contact with [class members] could well be useful for plaintiff to determine, at a minimum, the commonality and typicality prongs of Rule 23")); *Kaminske v. JP Morgan Chase Bank N.A.,* No. SACV 09-00918-JVS-RNBx, 2010 U.S. Dist. LEXIS 141514, 2010 WL 5782995, at *5 (C.D. Cal. May 21, 2010); *Wiegele v. FedEx Ground Package Sys.*, No. 06-CV-01330-JM(POR), 2007 U.S. Dist. LEXIS 9444, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) (*quoting Koo v. Rubio's Restaurants, Inc*., 109 Cal.App.4th 719, 729, 135 Cal. Rptr. 2d 415 (2003) ("[a]s a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties."). Therefore, class members' contact information is routinely authorized by the courts notwithstanding privacy concerns.

**B. Class Information Is Relevant to Commonality, Typicality, and Predominance Analysis**

"[I]t is sufficient for Plaintiff to show that class contact information would aid in confirming Plaintiffs' theories of liability and further developing evidence in support of class certification." *Sansone v. Charter Commc'ns, Inc.*, No. 17cv1880-WQH-JLB, 2019 U.S. Dist. LEXIS 19452, 2019 WL 460728, at *6 (S.D. Cal. Feb. 6,

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

6

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

2019); *Amaraut,* 2020 U.S. Dist. LEXIS 7558 (same); *see also Kaminske*, 2010 U.S. Dist. LEXIS 141514, 2010 WL 5782995, at *5 (finding contact information of putative class members "relevant to aid in the identification and collection of … potentially common evidence, as well as to test Plaintiff's theories regarding the commonality of Defendant's practices" and "sufficient to establish that the requested discovery is likely to produce persuasive information substantiating the class action allegations").[4]

Defendant's broad statement[5] that "there is no information that Plaintiff could possibly obtain from class members that would be helpful in deciding class certification" is far from the truth. (Def.'s Mtn. p. 11). As counsel had repeatedly

---

[4] Although not required, some courts assess a *prima facie* showing to determine that the discovery is likely to produce substantiation of the class allegations. *See e.g. Amaraut,* 2020 U.S. Dist. LEXIS 7558 *25-27 (not requiring a prima facie showing), *cf. Sansone,* 2019 WL 460728, at *6 (finding that plaintiff established a *prima facie* case by *sua sponte* examining her complaint). Defendant does not request that this showing be made, nor does it challenge Plaintiff's adequacy. Any contrary arguments raised for the first time in Defendant's reply should be disregarded. Further, Defendant is in possession of Plaintiff's discovery responses, and yet it does not argue that Plaintiff is inadequate representative of the putative class. (Hart Decl. ¶ 21.)

[5] Defense counsel advances nearly identical arguments that were rejected in another false advertising case, in which the same defense counsel was involved. *See* Hart Dec., Exh. 3-6: *Pizana v. SanMedica,* 1:18-cv-0644-DAD-SKO, Dkt. 91 (outline of the disputes), Dkt. 97 (order granting plaintiff's motion to compel); Dkt. 100 (defendant's motion for reconsideration); Dkt. 109 (order denying defendant's request for reconsideration). In fact, within the order for reconsideration, the court in *Pizana* cautioned defense counsel against bringing motions in bad faith. (Dkt. 109, fn. 5). Here, the parties are following the same path – the same arguments are being advanced (purported lack of relevance, undisputed numerosity, although with an added wrinkle of privacy concerns submitted in a form of objections by the vendors and an appalling accusation of Plaintiff's counsel's ethics). It is likely that even if Defendant obtains an unfavorable order, defense counsel, following the same steps as they did in *Pizana,* will seek an order for reconsideration based on the same arguments. Given that the parties anticipate finishing briefing of these issues in August, a reconsideration request will then delay this matter even further, preventing Plaintiff from obtaining necessary discovery in advance of class certification motion.

---

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

notified Defendant in this case, communicating with the class members would allow Plaintiff to conduct an investigation of consumers' experiences with the products and access percipient witnesses. This, in turn, would assist Plaintiff in establishing commonality, predominance, and other class related issues, even if numerosity is not disputed. Defendant has not conceded on the remaining issues, and as such, having access to potential witnesses is crucial in this case.

Furthermore, this case involves Defendant's false and misleading representations regarding "collagen" that is not contained in the product. In order to show consumers' understanding of the advertising and misleading nature of the representations, typically plaintiffs present evidence in the form of consumer surveys. *See e.g. Pizana,* 2020 U.S. Dist. LEXIS 191503 *10-16 (granting motion to compel contact information for the putative class members and holding that "[s]uch surveys are relevant to the predominance, commonality, and typicality requirements, particularly where they show the degree of reliance the class members placed on, and thus the materiality of, Defendant's advertising, labeling, and/or packaging of the Product.") (citing *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.,* 326 F.R.D. 592, 612-16 (N.D. Cal. 2018) (finding predominance of materiality and reliance based in part on consumer survey); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1111 (C.D. Cal. 2015) (holding that survey evidence could establish materiality); *McCrary v. Elations Co. LLC*, No. EDCV 13-0242 JGB (SPx), 2014 U.S. Dist. LEXIS 200660, 2014 WL 12589137, at *18 (C.D. Cal. Dec. 2, 2014) (finding survey results sufficient to infer reliance among buyers of the product at issue such that the requirements of typicality, commonality, and predominance were met)).[6]

---

[6] *See also Tran v. Sioux Honey Ass'n, Coop.* 471 F.Supp. 3d 1019, 1028 (C.D. Cal 2020) (addressing false advertising case and holding that "in cases like this one, where 'the allegedly false word has no fixed meaning,' even though not required, survey evidence can be particularly helpful in determining whether a reasonable consumer would be misled by accused labeling."); *Alvarez v. NBTY Inc.,* 331 F.R.D. 416, 423

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Therefore, the contact information of the putative class members is relevant and necessary to obtain evidence in support of Plaintiff's class certification motion.

## C. Defendant's Case Law Is Inapposite

Defendant relies on several cases, which do not stand for the proposition that class contact information is not discoverable. First, Defendant cites to a footnote mentioned in a brief opinion in *Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 U.S. Dist. LEXIS 170247, at *3 n.5 (E.D. Pa. May 12, 2016). The court in *Enslin* appears to have relied on the Supreme Court decision in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353-56, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978), in determining that the "names and addresses of class members are not, per se, 'within the scope of legitimate discovery.'" *Enslin,* 2016 U.S. Dist. LEXIS 170247, at *3 n.5 (quoting *Oppenheimer Fund, Inc.,* 437 U.S. at 353-56). However, the Supreme Court in *Oppenheimer Fund* did <u>not</u> rule that class information is not discoverable or that communications with the class must be limited. In fact, the Supreme Court in a subsequent decision in *Gulf Oil* held that communications with the putative class members should not be limited. 452 U.S. at 104.

The Supreme Court in *Oppenheimer Fund* was focusing on an issue of costs of the notice to the class, where both parties could obtain the class information by paying a fee. *Oppenheimer Fund, Inc.,* 437 U.S. at 342. The Court struggled with the concept that plaintiffs <u>did not explain the relevancy of class members' names and addresses</u>. *Id.* at 353 ("The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case.").

In *Dziennik v. Sealift, Inc.,* No. 05-cv-4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *1 (E.D. N.Y. May 23, 2006), *Smith v. United*

---

(S.D. Cal. Jan. 3, 2020) (discussing cases where the survey is needed); *Heighley v. J.C. Penney Life Insurance Co.*, 257 F.Supp.2d 1241, 1260 (C.D. Cal. 2003) (permitting plaintiff to "demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers.").

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

*States,* 2015 WL 1934030 at *1(Fed. Cl. Apr. 29, 2015), and *Friedman v. Guthy-Renker, LLC,* No. CV 14-6009-ODW (AGRx), 2015 U.S. Dist. LEXIS 187555, at *5 (C.D. Cal. Aug. 24, 2015), the district courts held that a list of putative class members was irrelevant to class certification. The court in *Smith* emphasized <u>that plaintiff was not prevented to demonstrate good cause why such discovery is necessary</u>. In *Knutson v. Blue Cross and Blue Shield of Minnesota,* 254 F.R.D. 553, 557-58 (D. Minn. 2008), using a different analysis (inappropriate for Rule 23), the court denied discovery of class' contact information because *the only reason* why plaintiff sought such information was to solicit their participation in the case. *Id.; cf. Brinker v Normandin,* 14-cv-03007, 2015 US Dist. LEXIS 158201 *3-5 (N.D. Cal. Nov 20, 2015) (distinguishing *Knutson,* and compelling production of class' contact information); *Cedano v. Thrifty Payless, Inc*., No. CV-10-237-HZ) 2011 U.S. Dist. LEXIS 155956, at *38-39. (D.Or. May 9, 2011) (same).

All of these cases are distinguishable because the class' contact information here is necessary to conduct surveys, gather evidence from the class members, and establish class-wide materiality and reliance, in support of commonality, typicality, and predominance.

Although Plaintiff provided defense with numerous cases during the parties meet and confer process (Dkt. 56-7, Exh. F), Defendant seeks to distinguish only one case—*Putnam*. In *Putnam,* the court compelled discovery of class contact information since it was relevant to commonality. *Putnam,* 508 F. Supp. 2d 812. Defendant appears to again state that such information is not necessary here, yet it does not affirmatively state that it would not challenge the issues of commonality, typicality, and predominance (especially as they relate to materiality/reliance). Further, Defendant does not explain why the parties' protective order without the requested limitation on communications with the class members would not protect the privacy of consumers, like the anticipated protective order in *Putnam,* <u>which also did not anticipate any limitations on plaintiff's ability to communicate with the class</u>

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

members. *See e.g. Putnam,* 508 F. Supp. at 814 ("[I]t seems to the Court that contact with those individuals could be useful …" and stating that the "need is especially compelling here where the information to be disclosed concerns not disinterested third parties, but rather potential plaintiffs themselves."). Here, any privacy concerns can be addressed by a standard protective order. Further, the contact information pertains to the contact of potential class members like in *Putnam, Pizana, Amaraut*, and dozens of other cases, whose rights are at stake here, which Plaintiff seeks to protect.

### D.  Defendant Failed to Establish Any Harm or Prejudice

Once the showing that discovery "is likely to produce substantiation of the class allegations" is made, it is an abuse of discretion to deny precertification discovery. *Perez v. Safelite Grp. Inc*., 553 F. App'x 667, 668-69 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Mar. 7, 2014) (*citing Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) and *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977)). A party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (*citing Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1130 (9th Cir. 2003)).

In a conclusory fashion, Defendant argues that consumer identifying information is "highly sensitive and extremely valuable in the industry." (Def.'s Mtn. 8:18-20.) Nevertheless, it is unclear why this information is more valuable or sensitive than in dozens of other cases where the courts within the Ninth Circuit compelled this information, and held that a standard protective order was sufficient to address any privacy concerns of individuals. Notably, privacy rights under California law are not absolute. *See e.g. Amaraut,* 2020 U.S. Dist. LEXIS 7558, * 19 (citing *Hill v. National Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 37, 26 Cal. Rptr. 2d 834, 865 P.2d 633 (1994). Here, the consumers do not have a reasonable expectation that their information would be withheld from a plaintiff seeking to protect and vindicate their rights. *See*

11

*Amaraut,* 2020 U.S. Dist. LEXIS 7558, * 22 (holding that employees do not have a reasonable expectation that their information would be withheld from a plaintiff seeking to prove labor law violations) (citing *Williams v. Superior Court*, 3 Cal. 5th 531, 554, 220 Cal. Rptr. 3d 472, 490, 398 P.3d 69, 85 (2017) ("Rather fellow employees 'might reasonably expect, or even hope, that their names and addresses would be given to' a plaintiff seeking to vindicate their rights.") (internal quotation omitted).

Moreover, disclosing contact information "does not constitute a serious invasion of privacy and is commonplace in class actions." *See e.g. Stemple v. QC Holdings, Inc.,* No. 12cv1997-CAB-WVG, 2013 U.S. Dist. LEXIS 99582, 2013 WL 10870906, *4 (S.D. Cal. June 17, 2013); *Puerto v. Superior Court,* 158 Cal. App. 4th 1242, 1253, 70 Cal. Rptr. 3d 701, 710 (2008) (holding that the "requested information, while personal, is not particularly sensitive, as it is merely contact information, not medical or financial details, political affiliations, sexual relations, or personal information") (citing *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 372 (2007)*); Crab Addison, Inc. v. Superior Court,* 169 Cal. App. 4th 958, 973, 87 Cal. Rptr. 3d 400, 412 (2008) (compelling contact information even where employees previously indicated that they would not want to provide their information to third parties). Importantly, any privacy concerns would be addressed by the parties' protective order, since the parties have implemented the procedures concerning the exchange of contact information. (Dkt. 54, pp. 1-2 ("Good Cause Statement," "Recitals"); *see e.g. Pizana,* 2020 U.S. Dist. LEXIS 191503 at * 14 (holding that "any privacy concerns" "are adequately addressed by the parties' stipulated protective order"); *Amaraut,* 2020 U.S. Dist. LEXIS 7558 *21-22 (same) *Salgado,* 2014 WL 7272784, at *12-13 (same).

Defendant's next concern is based on the fear that Plaintiff's contact with the class members would "likely harm the continuing business relationships between these individuals and Defendant, the subpoenaed vendors, and other related

businesses." *Id.* 8:20-23. Yet, there is no showing of specific harm. Citing to boilerplate objections stated in subpoenas by vendors, Defendant further goes on to state that disclosure of class information would subject vendors to "liability for violation of state and federal privacy laws." *Id.* 8:26-27. However, this position contradicts the California Supreme Court's decision in *Pioneer* and appellate decisions in *Puerto* and *Crab Addison, Inc.*, where the Courts held that this information is discoverable notwithstanding the privacy concerns.

The objections also reference a potential "breach" of contracts, yet no contracts have been provided, nor it is likely that they exist. Consumers shopping at Sephora, Bloomingdales, and other retailers do not commonly enter into formal contracts, other than agreeing to the *vendors'* terms and conditions, if shopping online. Assuming *arguendo*, that such contracts exist, a court's order compelling this information would not be a violation of such contracts. *See e.g. Crab Addison, Inc.,* 169 Cal. App. 4th at 973. Thus, Defendant failed to present any concrete injury, or undue burden.

**E.   Defendant's Request to Limit Communications With the Class Must Be Denied Because There is No Record of Any Communication Abuses.**

The Supreme Court requires <u>a clear record and specific findings of communication abuses</u> prior to limiting communications with the putative class members. *In re M.L. Stern Overtime Litig.*, 250 F.R.D. at 496 (reversing the district court's order limiting communication with putative class members because "the mere possibility of abuses does not justify routine adoption of a communications ban … in the absence of a clear record and specific findings of need") (quoting *Burrell*, 176 F.R.D. at 244); *see Gulf Oil*, 452 U.S. at 104; *Cram v. Elec. Data Sys. Corp.*, No. 07cv1842-LAB-NLS, 2008 U.S. Dist. LEXIS 3669, 2008 WL 178449, at *3 (S.D. Cal. Jan. 17, 2008) ("A mere possibility of confusion is insufficient to justify the district court's exercise of supervisory authority over parties' communications with potential class members"); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST,

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

13

1  2014 U.S. Dist. LEXIS 161037, at *7 (N.D. Cal. Nov. 16, 2014) (denying to limit

2  pre-certification communications based on defendant's unsubstantiated accusations

3  that plaintiff's counsel will "<u>engage in direct solicitation and targeted misleading</u>

4  <u>advertising of [defendant's] customers</u>").[7]

5  　　　　Defendant's absurd speculation that Plaintiff's counsel "possibly" violated

6  California Rules of Professional Conduct 7.3 in *Pizana* is based on its incomplete

7  timeline of events and the fact that Ms. Hart chose to ignore Defense counsel's

8  baseless, conjectural June 17, 2021 email. (Hart Decl. ¶ 13.) In fact, the *Pizana*

9  defendant has not moved the court for sanctions or requested to limit communications

10 based on its supposed belief.[8]

11 　　　　Further, Defendant's timeline of events in *Pizana* is incomplete. On December

12 4, 2020, Defendant produced an indecipherable <u>2 million page spreadsheet in more</u>

13 <u>than 2,000 separate PDF files</u>. (Bruce Dec. ¶ 4). The parties were in the process of

---

[7] *See also Amaraut,* 2020 U.S. Dist. LEXIS 64349 *8-18 (denying defendant's request to limit communications notwithstanding defendant's concern that plaintiff's counsel has been vocal in public and anticipating disparaging and misleading public statements); *Finder v. Leprino Foods Co*., No. 13cv2059-AWI-BAM, 2017 U.S. Dist. LEXIS 8346, at *16 (E.D. Cal. Jan. 20, 2017) ("While the Court acknowledges that Plaintiff's counsel's comments may consist of insinuations that cast Defendants and the supporting declarants in a negative light, those comments do not mislead employees about their rights as potential class members. [His] comments do not create confusion or seek to influence whether members opt-in or opt-out of the class"); *Camp*, 300 F.RD. at 620, 626 (denying to limit communications).

[8] Notably, in California, attorneys are not prohibited from "soliciting" individuals; however, they must do so in strict compliance of their ethical rules. *See O'Connor v. Uber Techs., Inc*., No. 13-cv-03826-EMC, 2017 U.S. Dist. LEXIS 141095, at *19 (N.D. Cal. Aug. 31, 2017) (sanctioning counsel for using confidential class discovery to solicit individuals outside of litigation to initiate a separate action); *cf. Tait v. BSH Home Appliances Corp.,* 289 F.R.D. 466, 477 (C.D. Cal. 2012) (granting a plaintiff "leave to amend to substitute another class representative who can represent the entire Illinois Class."); *Wiener v. Dannon Co*., 255 F.R.D. 658, 673 (C.D. Cal. 2009) (allowing counsel to seek an alternative representative after the motion for class certification was denied). That said, Plaintiff has repeatedly explained to Defense that the contact information here is needed for investigative purposes.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

---

14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

taking depositions at the time – Defendant was scheduled to take Pizana's deposition on December 10, 2020, and Plaintiff was scheduled to depose one of the Rule 30(b)(6) deponents (James Kreeck) on December 8, 2020. *Id.* ¶ 5. Because Defendant's production of "customer-related" data in early December, was entirely useless, after questioning Mr. Kreeck on December 8, 2020 for several hours, the parties' agreed to suspend the deposition while Defendant prepares and reproduces the spreadsheet in a usable form on December 23, 2020. *Id.* ¶¶ 6, 8. Needless to say, *Pizana* defendant's December 4, 2020 production was not use to solicit any of the individuals listed within plaintiff's motion to amend. *Id.* ¶¶ 4, 8, 9.

According to Defendant, Mr. Pizana's deposition on December 10, 2020, "revealed numerous issues which seriously called into question"[9] his ability to represent the class (which is disputed).[10] That would mean that between December 10, 2020 and December 23, 2020, Pizana's counsel was able to: (a) review and decipher a 2 million page spreadsheet of ambiguous and indiscernible records, (b) attend and prepare for two depositions; (c) purportedly solicit in an "improper manner" individuals, and (d) interview, vet, run background and conflict checks, and retain 8 different individuals as a result. Even if the timeline is extended to the date of Pizana Defendant's production (i.e. December 4, 2020), this timeline is unrealistic.

Notably, while Defense counsel inexplicably attacks Plaintiff's firm, the only counsel who has been admonished in *Pizana* is Defense, for engaging in useless motion practice, as here. (Hart Dec., Exh. 6, Dkt. 109, fn. 5).

Therefore, no limit on communications is warranted.

## V.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court **DENY** Defendant's Motion in its entirety.

---

[9] If Defense counsel believes that Pizana's deposition revealed numerous issues, it is unclear why counsel has not moved for any adjudication on the merits.
[10] *See* Bruce Dec. ¶ 10.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

15

1

2    Dated: August 6, 2021                    **CLARKSON LAW FIRM, P.C.**

3                                             By: _/s/ Yana Hart_____

4                                                  Ryan J. Clarkson

5                                                  Yana Hart
                                                   *Attorneys for Plaintiff*
6

7

8

9

10

11

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER