UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-2311-MWF (GJSx) | **Date:** January 26, 2024 |
| **Title:** Mocha Gunaratna v. Dr. Dennis Gross Skincare, LLC. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [281]

Before the Court is Defendant Dr. Dennis Gross Skincare, LLC's Motion for Judgment on the Pleadings (the "Motion"), filed on September 5, 2023. (Docket No. 281). Plaintiffs Mocha Gunaratna and Renee Camenforte, on behalf of the certified class, filed an Opposition on October 6, 2023. (Docket No. 288). Defendant filed a Reply on October 16, 2023. (Docket No. 291).

The Motion was noticed to be heard on **October 30, 2023**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED** because Defendant cannot use a Rule 12(c) motion to dispose only a part of Plaintiffs' claim.

## I. BACKGROUND

The Court has fully set forth the background facts of this action in its Order Granting Plaintiffs' Motion for Class Certification and Denying Defendant's Motion for Summary Judgment (the "Class Cert. and MSJ Order"). (Redacted and Unredacted Class Cert. and MSJ Order (Docket Nos. 250 and 251)). The Court incorporates the Background of the Class Cert. and MSJ Order as if fully set forth herein. However, the Court provides a brief summary of the action for context.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-2311-MWF (GJSx) | **Date:** January 26, 2024 |
| **Title:** Mocha Gunaratna v. Dr. Dennis Gross Skincare, LLC. | |

This action concerns Defendant's allegedly deceptive marketing practices surrounding its "C + Collagen" products. The Second Amended Complaint ("SAC") asserts several claims against Defendant, including (1) violations of the CLRA (Cal. Civ. Code sections 1750, *et seq.*); (2) violations of California's False Advertising Law (Cal. Bus. & Prof. Code sections 17500, *et seq.*); (3) violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code sections 17200, *et seq.*); (4) breach of express warranty; (5) breach of implied warranty; (6) violations of written warranty under the Magnuson Moss Warranty Act ("MMWA") (15 U.S.C. §§ 2301, *et seq.*); (7) violation of implied warranty of merchantability under MMWA (15 U.S.C. §§ 2301, *et seq.*); and (8) restitution based on quasi-contract and unjust enrichment. (*See* SAC (Docket No. 95) at 1). Among several other remedies, Plaintiffs seek punitive damages. (*See id.* at 25).

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The analysis for Rule 12(c) motions for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreti v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-2311-MWF (GJSx) | **Date:** January 26, 2024 |
| **Title:** Mocha Gunaratna v. Dr. Dennis Gross Skincare, LLC. | |

the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (citation omitted).

### III.   DISCUSSION

Here, Defendant moves for judgment on the pleadings solely on the issue of punitive damages. (Motion at 4–6). The Motion is motivated by Plaintiffs' requests for discovery on Defendant's income, expenses, profits, losses, and assets unrelated to the disputed product. (*Id.* at 2).

As Plaintiffs note in their Opposition, the Motion implicates a threshold procedural question of whether Rule 12(c) permits the entry of judgment on part of a claim. (Opp. at 5–6). Rule 12(c) does not expressly authorize or prohibit a motion for partial judgment on the pleadings, and the Ninth Circuit has not squarely addressed this question. As a result, "it is common to apply Rule 12(c) to individual causes of action." *Larsen v. Trader Joe's Co.*, 917 F. Supp. 2d 1019, 1022 (N.D. Cal. 2013).

However, the Motion asks for something different by requesting the Court to resolve only ***a part*** of Plaintiffs' CLRA claim. Specifically, Defendant seeks judgment on Plaintiffs' prayer for relief for punitive damages – one of the several remedies sought in the SAC. (*See* SAC at 25). With respect to this specific issue, courts in the Ninth Circuit "have refused to entertain motions for judgment on the pleadings that seek to dispose of only a part of an individual claim or defense." *Erhart v. Bofl Holding, Inc.*, 387 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019); *see also United States v. Real Prop. & Improvements Located at 2366 San Pablo Avenue, Berkeley, Cal.*, No. 13-cv-02027-JST, 2013 WL 6774082, at *1 (N.D. Cal. Dec. 23, 2013) ("Though courts have often entertained motions for partial judgment on the pleadings with respect to a particular cause of action or affirmative defense, the Court is aware of no case in which a court has granted partial judgment on the pleadings with respect to less than a full cause of action."); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (suggesting that arguments that certain damages were precluded as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-2311-MWF (GJSx) | **Date:** January 26, 2024 |
| **Title:** Mocha Gunaratna v. Dr. Dennis Gross Skincare, LLC. | |

matter of law were better suited for a Rule 12(b)(6) or Rule 56 motion rather than a Rule 12(c) motion).

Similarly here, the Court declines to enter judgment as to Plaintiffs' demand for punitive damages. The Court is persuaded by the weight of authority denying similar requests to enter judgment on specific elements or remedies pertaining to a claim. *See, e.g.*, *Torres v. Carescope, LLC*, No. 2:15-cv-00198-TLN-CKD, 2020 WL 6939032, at *4 (E.D. Cal. Nov. 25, 2020) (denying a motion for judgment on the pleadings regarding injunctive relief because it challenged less than the full cause of action); *Living on the Edge, LLC v. Lee*, No. CV 14-5982-MWF (JEMx), 2015 WL 12661917, at *4 (C.D. Cal. Aug. 25, 2015) (noting that parties "cannot move for judgment on the pleadings with respect to less than a full cause of action"); *Doe v. Regents of the Univ. of Cal.*, No. 2:19-cv-10385-HDV (MRWx), 2023 WL 6194148, at *3 (declining to grant partial judgment barring recovery of damages for emotional, psychological, and reputational harm); *BBL, Inc. v. City of Angola*, 809 F.3d 317, 326 (7th Cir. 2015) (suggesting that the defendant's "motion for judgment on the pleadings on *parts of* the First Amendment claim may have been improper" (emphasis in original)).

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.